IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROGER LARDRELL McCULLOUGH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | <br><br><br><br>CIVIL ACTION NO.<br>3:17-CV-772-JFD-CSC<br>[WO] |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Roger Lardrell McCullough's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. # 1.[1] For the reasons that follow, the undersigned recommends that McCullough's § 2255 motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

### **I.   INTRODUCTION**

On August 21, 2015, McCullough pled guilty to possessing marijuana with intent to distribute it, 21 U.S.C. § 841(a)(1) (Count One); possessing a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1)(A)(i) (Count Two); and possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1) (Count Three). On November 23, 2015, the district court sentenced McCullough to 294 months in prison, the sentence consisting of 60 months

---

[1] References to document numbers ("Doc. #") in this Recommendation are to the document numbers of the pleadings, motions, and other materials in the court file of this civil action as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations in this Recommendation are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

on Count One, 120 months on Count Three, to run concurrently with the sentence on Count One, and 114 months on Count Two, that sentence to run consecutive to the sentences on Counts One and Three.

McCullough appealed, arguing that (1) the assignment of his case to a different district judge for sentencing violated Federal Rule of Criminal Procedure 25; (2) the district court abused its discretion by refusing to return his case to the initial district judge for sentencing; (3) the district court erred in denying his motion to suppress the evidence obtained from the traffic stop; (4) his sentence was procedurally and substantively unreasonable; and (5) his Alabama conviction for unlawful possession of marijuana in the first degree should not have been used in classifying him as a career offender. On March 15, 2017, the Eleventh Circuit issued an opinion affirming McCullough's convictions and sentence. *United States v. McCullough*, 851 F.3d 1194 (11th Cir. 2017). McCullough filed a petition for writ of certiorari with the U.S. Supreme Court, which that court denied on May 22, 2017 (137 S. Ct. 2173).

On November 8, 2017, McCullough, acting *pro se*, filed this § 2255 motion asserting the following claims:

1. His counsel was ineffective for allowing him to plead guilty to the § 924(c) count without explaining the elements of the offense to him, and he was actually innocent of that offense.

2. His counsel was ineffective for failing to object to the 114-month sentence he received for the § 924(c) count.

3. His Alabama conviction for unlawful possession of marijuana in the first degree should not have been used in classifying him as a career offender.

Doc. # 1 at 4–7; Doc. # 3 at 1–2[2]

On November 21, 2019, McCullough amended his § 2255 motion to add claims that (1) his guilty plea should be vacated because Count Three of the indictment did not include the knowledge requirement of 18 U.S.C. § 922(g)(1), as clarified by the Supreme Court in *Rehaif v. United States*, 139 S. Ct. 2191 (2019); and (2) this court committed plain error by allowing him to plead guilty to the § 922(g)(1) count when the indictment did not specifically include the requirement that he knew of his status as a felon at the time of the offense. Doc. # 11.

## II. DISCUSSION

### A. General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete

---

[2] Shortly after filing his § 2255 motion, McCullough filed an "amendment" that essentially reiterated his claim that his counsel was ineffective for allowing him to plead guilty to the § 924(c) count and asserted he was actually innocent of the offense. Doc. # 3 at 1–2.

miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

**B.   Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is evaluated under the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). An attorney is considered constitutionally ineffective if (1) his "performance was deficient" and (2) that "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is highly deferential, and the court indulges a strong presumption that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted).

Under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the results of the proceeding fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without

4

attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.").

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* test, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *see Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To establish ineffective assistance of appellate counsel, a movant must demonstrate "that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker[.] Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

### 1.  *Guilty Plea to § 924(c) Count*

McCullough claims his counsel was ineffective for allowing him to plead guilty to the § 924(c) count without explaining the elements of the offense to him and that he was actually innocent of that offense. Doc. # 1 at 4; Doc. # 3 at 1–2.

Title 18 § 924(c) provides in part that a defendant who uses or carries a firearm during and in relation to any crime of violence or drug trafficking crime, or possesses a firearm in furtherance of such crime, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to a separate and consecutive term of imprisonment of "not less than 5 years." 18 U.S.C. § 924(c)(1)(A)(i). The

5

definition of a drug trafficking crime for purposes of § 924(c) is contained in 18 U.S.C. § 924(d)(3) and includes the federal offense of possession with the intent to distribute marijuana. *See* 18 U.S.C. § 924(d)(3)(B).

Possession of the firearm may be actual or constructive, joint or sole. *United States v. Isnadin*, 742 F.3d 1278, 1307 (11th Cir. 2014). Constructive possession is proved by showing that a defendant exercised ownership, dominion, or control over the firearm or the place where the firearm is concealed. *Id.* To establish that a firearm was possessed "in furtherance" of a drug trafficking crime, the government must show "'some nexus between the firearm and the drug selling operation.'" *United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir. 2002) (quoting *United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001)). "The nexus between the gun and the drug operation can be established by '. . . accessibility of the firearm, . . . proximity to the drugs or drug profits, and the time and circumstances under which the gun is found.'" *Id.* (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414–15 (5th Cir. 2000)).

In an affidavit addressing McCullough's § 2255 claims, Paul Cooper, McCullough's counsel throughout the proceedings, avers that he discussed the elements of the § 924(c) count with McCullough before his guilty plea. Doc. # 7 at 2. The transcript of McCullough's change of plea hearing reflects that McCullough affirmed to the magistrate judge that he had read the indictment and discussed the charges with Cooper and that he understood the charges against him. Doc. # 8-2 at 5. At the change of plea hearing, the magistrate judge listed the elements the Government would have to prove beyond a

reasonable doubt at trial to convict McCullough of each count, including the § 924(c) count:

> THE COURT: Mr. McCullough, at a trial on these charges, the government would be required to prove your guilt beyond a reasonable doubt by proving certain facts.  With respect to the possession with intent to distribute charge, the government would be required to prove that you knowingly possessed marijuana and that you intended to distribute it.  Do you understand what the government there would be required to prove with regard to that charge?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: With respect to the carrying or possessing a firearm during or in furtherance of a drug trafficking crime, the government would be required to prove that you committed the drug trafficking crime charged in count one of the indictment and that you knowingly used and carried and possessed a firearm in furtherance of or in relation to that crime.  Do you understand that?
>
> THE DEFENDANT: Yes, sir.

Doc. # 8-2 at 11–12.

Later in the change of plea hearing, the magistrate judge asked Cooper to question McCullough regarding the elements of the § 924(c) count to establish a factual basis for his plea.  The following exchange occurred:

> MR. COOPER: Okay. In regard to count two, in your motel room, room 130 of the Clarion Inn, did you possess a firearm?
>
> THE DEFENDANT: Yes, sir.
>
> MR. COOPER: And that firearm, was it being used in conjunction with your intent to possess and sell marijuana?
>
> THE DEFENDANT: Yes, sir.
>
> MR. COOPER: And was the Clarion Inn—is it in Lee County, Alabama?

>    THE DEFENDANT: Yes, sir.
>
>    MR. COOPER: And that's within the Middle District of the—judicial district of the state of Alabama?
>
>    THE DEFENDANT: Yes, sir.

Doc. # 8-2 at 13–14.

Here McCullough's sworn statements at the change of plea hearing indicate that (1) Cooper discussed the charges with him and that he understood the charges; (2) that he specifically understood the elements of the § 924(c) count; and (3) that he understood the conduct he was admitting to when pleading guilty to the § 924(c) count. "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). "There is a strong presumption that the statements made during the [guilty plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

The Eleventh Circuit has held that the allegations of a § 2255 petitioner accompanied by his own affidavit are insufficient to mandate an evidentiary hearing in the face of a record contravening the defendant's affidavit. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014) (stating that, where a defendant tenders only his own affidavit to counter previous directly inconsistent testimony regarding plea coercion, "[t]he district court is entitled to discredit [the] defendant's newly-minted story about being threatened when that story is supported only by the defendant's conclusory statements"); *see also Lynn*, 365 F.3d at 1239 ("Because the . . . affidavits submitted by [the movant] amount to nothing more than mere conclusory allegations, the district court

was not required to hold an evidentiary hearing on the issues and correctly denied [the] § 2255 motion."). McCullough does not allege specific facts sufficient to meet his heavy burden to rebut his own sworn statements at his change of plea hearing. At most, McCullough demonstrates he now has second thoughts about having pled guilty, not that he didn't understand what he was admitting to when pleading guilty. McCullough fails to establish deficient performance by Cooper that led him to plead guilty to the § 924(c) count or that was prejudiced by Cooper's performance in this regard.[3] Therefore, he is entitled to no relief on this claim of ineffective assistance of counsel.

McCullough asserts that he is actually innocent of the § 924(c) count to which he pled guilty. *See* Doc. # 3 at 1; Doc. # 10 at 5–21. In this regard, McCullough maintains that because he did not have active employment of the firearm when it was seized, he could not have been guilty of a § 924(c) offense. *See* Doc. # 10 at 5–21.

The presentence investigation report ("PSR") reflects that McCullough was arrested on July 18, 2014, after a traffic stop in which the car he was driving was found to contain a large plastic bag of marijuana, over $8,000 in U.S. currency, and a room key for the Clarion Hotel. *See* Doc. # 15-1 at 6. Over $4,000 in cash was found on McCullough's person. *Id.* A search warrant for the hotel room, which had been rented by McCullough, was obtained that day. *Id.* Items discovered in the search of the room included several

---

[3] McCullough also asserts that the district court "misinformed" him of the elements of the § 924(c) count. Doc. # 1 at 4; Doc. # 3 at 1. However, he does not explain in what way the court misinformed him about the elements of the § 924(c) count, and the record reflects that the magistrate judge correctly informed him of the elements of that offense during the change of plea hearing. McCullough is entitled to no relief based on his conclusory assertion.

9

gallon-size bags containing approximately three pounds of marijuana; assorted U.S. currency totaling over $1,000; a bag containing two plastic bags of marijuana; a digital scale; a pelouze scale; a marijuana grinder; two cellular telephones; sandwich bags; gallon-size Glad bags; and a North American Arms .22 caliber pistol. *Id*. In summary, the following items were connected to McCullough on the date of his arrest: a total of 1.7 kilograms of marijuana; multiple items of drug paraphernalia; $13,881.00 in cash; and a .22 caliber pistol found in a hotel room where large amounts of drugs, drug paraphernalia, and cash were found. *Id*. at 6–7.

McCullough says the gun could not have been used to further a drug trafficking crime because it was found in a bag under the bathroom sink in the hotel room, and therefore, he did not possess the gun or have access to it when it was seized. Doc. # 10 at 5–9. This argument is unavailing. McCullough was renting the hotel room where the gun was found. He constructively possessed the gun by exercising dominion or control over it and the place where it was concealed. *Isnadin*, 742 F.3d at 1307. There is no evidence of anyone else being present or connected to the hotel room. Even if secreted in the bathroom, the gun was nevertheless found in a hotel room containing large amounts of drugs, drug paraphernalia, and cash. The gun's proximity to these items established a nexus between the gun and McCullough's drug trafficking. *Timmons*, 283 F.3d at 1253. McCullough admitted to that nexus at his change of plea hearing. *See* Doc. # 8-2 at 13–14.

McCullough fails to show he is actually innocent of possessing a firearm in furtherance of drug trafficking. His claim lacks merit, and his counsel did not allow him to plead guilty to an offense of which he was actually innocent.[4]

### 2. *Failure to Object to Sentence for § 924(c) Count*

McCullough claims that Cooper rendered ineffective assistance of counsel by failing to object to the 114-month sentence he received for the § 924(c) count. Doc. # 1 at 5; Doc. # 10 at 24–26. The only specific ground for objection suggested by McCullough is that Cooper should have argued that the statutory maximum sentence for a conviction under 18 U.S.C. § 924(c)(1)(A)(i) is five years in prison. *See* Doc. # 10 and 24–26.

McCoullough misreads the statute. Five years in prison is the statutory *minimum* sentence for a conviction under 18 U.S.C. § 924(c)(1)(A)(i).[5] The authorized statutory

---

[4] McCullough also seems to argue that under *Bailey v. United States*, 516 U.S. 137 (1995), his conduct did not establish criminal liability under 18 U.S.C. § 924(c) because he was not found using, carrying, or actively employing a firearm during his drug trafficking activities. *See* Doc. # 10 at 11–21. In *Bailey,* the Supreme Court held that a conviction under the "use or carry" prong of § 18 U.S.C. 924(c) requires the government to demonstrate "active employment" of the firearm, not its mere possession, during and in relation to the drug trafficking crime. 516 U.S. at 143–44. However, the pre-1998 version of § 924(c) made it an offense only to use or carry a firearm during and in relation to the drug trafficking crime. The *Bailey* decision's narrow interpretation of "use" under § 924(c) prompted Congress to amend the statute in 1998 to add language directed to "possessing" a firearm "in furtherance of" the predicate crime*. See United States v. Timmons*, 283 F.3d 1246, 1252 (11th Cir. 2002). After the 1998 revision of the statute, there are two ways to violate § 924(c): the statute makes it an offense to either (1) use or carry a firearm during and in relation to a crime of violence or drug trafficking crime or (2) possess a firearm in furtherance of such crime. *See Timmons*, 283 F.3d at 1250–53; *United States v. Daniel*, 173 F. App'x 766, 770 (11th Cir. 2006). Here, the proximity of the firearm to McCullough's drug trafficking activities established a clear nexus to prove a violation of § 924(c) for possessing a firearm in furtherance of a drug trafficking crime.

[5] Section 924(c)(1)(A)(i) provides that, in addition to the punishment provided for the predicate drug trafficking crime, a person convicted of violating § 924 "[shall] be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A)(i).

11

maximum for a conviction under § 924(c)(1)(A)(i) is life in prison. The district court possessed the statutory authority and the legal discretion to impose the 114-month sentence it imposed for the § 924 count. McCullough sets forth no basis upon which Cooper should have objected that might reasonably have succeeded in his obtaining a lower sentence on the § 924(c) count. Because he fails to establish deficient performance by Cooper or resulting prejudice, he is entitled to no relief on this claim of ineffective assistance of counsel.

## C. Career Offender Status

McCullough claims his Alabama conviction for unlawful possession of marijuana in the first degree should not have been used in classifying him as a career offender. Doc. # 1 at 7; Doc. # 10 at 27–29. McCullough procedurally defaulted this claim by failing to timely raise it on appeal. *Lynn*, 365 F.3d at 1234. *See McCullough*, 851 F.3d at 1202. However, even if he were to argue that Cooper provided ineffective assistance of counsel by failing to timely raise the issue on appeal, McCullough is entitled to no relief based on this claim because it lacks merit.

McCullough was classified as a career offender based on two prior Alabama controlled substance convictions: (1) a 2008 conviction for possession with intent to distribute a controlled substance, and (2) a 2009 conviction for possession of marijuana in the first degree.[6] *See* Doc. # 15-1 at 23. McCullough argues that the district court should

---

[6] A defendant is a career offender if: (1) he is at least 18 years old at the time of the commission of the offense of conviction; (2) the offense of conviction is a felony crime of violence or controlled

not have used the conviction for possession of marijuana in the first degree to classify him as a career offender.[7]  Doc. # 1 at 7; Doc. # 10 at 27–29.

For purposes of the career offender sentencing guideline, a "controlled substance offense" is defined as an offense punishable by a year or more of imprisonment "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

Under § 13A-12-213(a), Ala. Code 1975, a person commits the crime of unlawful possession of marijuana in the first degree if:

> (1)  He or she possesses marihuana for other than personal use; or
>
> (2)  He or she possesses marihuana for his or her personal use only after having been previously convicted of unlawful possession of marihuana in the second degree or unlawful possession of marihuana for his or her personal use only.

§ 13A-12-213(a), Ala. Code 1975.

It is clear from the record—and from McCullough's PSR in particular—that McCullough's 2009 Alabama conviction for possession of marijuana in the first degree was under the "for other than personal use" prong of the statute, i.e., under § 13A-12-213(a)(1).  *See* Doc. # 15-1 at 12–13.  The Eleventh Circuit has held that, when there is a

---

substance offense; and (3) there are at least two prior felony convictions for a crime of violence or controlled substance offense.  U.S.S.G. § 4B1.1(a).

[7] McCullough does not except to the use of his conviction for possession with intent distribute a controlled substance as a qualifying conviction for purposes of the career offender classification.

13

conviction under the "for other than personal use" prong of § 13A-12-213(a), the Alabama statute punishes possession of marijuana with intent to distribute. *See United States v. Robinson*, 583 F.3d 1292, 1296 (11th Cir. 2009) (discussing whether § 13A-12-213(a) is a serious drug offense under the Armed Career Criminal Act). As such, a conviction under § 13A-12-213(a)(1) qualifies as a controlled substance offense under § 4B1.2(b). *See United States v. Goodlow*, 389 F. App'x 961, 968 (11th Cir. 2010); *United States v. Craig*, 520 F. App'x 906, 908–09 (11th Cir. 2013). Accordingly, the district court properly used McCullough's Alabama conviction for unlawful possession of marijuana in the first degree to classify him as a career offender.

McCullough's substantive claim lacks merit. Therefore, his counsel was not ineffective for failing to timely raise the claim. Counsel cannot be ineffective for failing to present a meritless claim. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). McCullough is entitled to no relief here.

**D.   Claims under *Rehaif***

In a November 21, 2019 amendment to his § 2255 motion, McCullough asserted claims that (1) his guilty plea to the § 922(g)(1) count (Count Three) should be vacated because the indictment did not include the knowledge requirement of 18 U.S.C. § 922(g), as clarified by the Supreme Court in *Rehaif v. United States*, 139 S. Ct. 2191 (2019); and (2) this court committed plain error in light of *Rehaif* by allowing him to plead guilty to the § 922(g)(1) count when the indictment did not specifically include the requirement that he knew of his status as a felon at the time of the offense. Doc. # 11.

In *Rehaif,* which was decided on June 21, 2019, the Supreme Court concluded that in a prosecution under 18 U.S.C. § 922(g), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. The claims in McCullough's amendment, both of which rely on *Rehaif*, are untimely and without merit.

McCullough's amendment is subject to a one-year limitation period from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Eleventh Circuit has held that *Rehaif* did not announce a new rule of constitutional law. *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019) ("First, *Rehaif v. United States* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g).") (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019)). The Eleventh Circuit has further explained that even if *Rehaif* did announce a new rule of constitutional law, the new rule applies only prospectively to future cases. *Id*.

15

("Furthermore, the Supreme Court did not make *Rehaif* retroactive to cases on collateral review.").

Although McCullough may have filed the amendment to his § 2255 motion within one year of the issuance of *Rehaif*, the Supreme Court did not announce a new rule of constitutional law and make that rule retroactive. Because *Rehaif* does not apply retroactively to McCullough's case, *Rehaif* does not entitle McCullough to the one-year limitation period in 28 U.S.C. § 2255(f)(3). Instead, the limitation period in 28 U.S.C. § 2255(f)(1) applies to McCullough's amendment.

In the direct-review proceedings, the U.S. Supreme Court denied McCullough's petition for writ of certiorari on May 22, 2017. *See* 137 S. Ct. 2173. Thus, the judgment of conviction became final on May 22, 2017. *See Kaufmann v. United States*, 282 F.3d 1336, 1339–40 (11th Cir. 2002) (a judgment of conviction becomes final within the meaning of § 2255 on the date on which the Supreme Court issues a decision on the merits or denies certiorari). Therefore, under § 2255(f)(1), McCullough had until May 22, 2018, to bring all his § 2255 claims. Although his § 2255 motion was filed on November 8, 2017, well within the limitation period, his amendment containing his *Rehaif* claims was filed on November 21, 2019—over a year after the limitation period expired.

Rule 15(c) of the Federal Rules of Civil Procedure provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). "'Relation back' causes an otherwise untimely claim to be considered timely by treating it

16

as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). An untimely amendment to a § 2255 motion does not relate back to the original motion where it "seek[s] to add a new claim or to insert a new theory into the case." *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001) (emphasis omitted). The *Rehaif*-based claims in McCullough's amendment have no legal or factual relationship to any of his earlier and timely claims. Thus, the new claims do not relate back under Rule 15(c) to his timely § 2255 motion. Because the new claims do not relate back, they are time-barred under § 2255(f)(1). *See Farris v. United States*, 333 F.3d 1211, 1215–16 (11th Cir. 2003).

Even if McCullough's *Rehaif*-based claims are not time-barred, he is entitled to no relief, because there is no reasonable basis to conclude he lacked knowledge of his status as a convicted felon at the time of his offense and he cannot show a reasonable probability that, but for the *Rehaif* errors, the outcome of his case would have been different.

First, this court rejects McCullough's apparent suggestion that the *Rehaif* defect in his indictment is jurisdictional and that, consequently, his guilty plea must be vacated. The Eleventh Circuit had held that a *Rehaif* defect is not jurisdictional. *United States v. Moore*, 954 F.3d 1322, 1334-37 (11th Cir. 2020). "A defective indictment only affects jurisdiction when it fails to allege an offense against the United States," not when it merely omits an element of an offense. *Id*. at 1336; *United States v. McClellan*, 958 F.3d 1110, 1117–18 (11th Cir. 2020) (following *Moore*); *see also Carlyle v. United States*, 2020 WL 6844052, at *2 (11th Cir. Nov. 23, 2020). The Eleventh Circuit in *Moore* noted that *Rehaif* itself implies that failure to include the knowledge-of-status element is not jurisdictional. 954

17

F.3d at 1336–37 ("Had the defect in *Rehaif*—the same defect we consider here—been jurisdictional, the Supreme Court would have ruled on that ground rather than on the merits."). Because a *Rehaif* defect in an indictment is not jurisdictional, McCullough's guilty plea bars him from raising a *Rehaif* challenge to his indictment, and the defect is not a basis for him to obtain § 2255 relief.

Next, the record reflects McCullough knew of his status as a convicted felon at the time of his offense, and McCullough shows no reasonable probability that he would have insisted on going to trial rather than entering a guilty plea had he been specifically advised that the Government was required to prove he knew of his status as a convicted felon. *See, e.g., Long v. United States,* 2020 WL 7391292, at *7 (S.D. Ala. Nov. 9, 2020), report and recommendation adopted, 2020 WL 7395140 (S.D. Ala. Dec. 16, 2020). Abundant evidence reflects McCullough's knowledge that he had been convicted of a felony. McCullough's PSR reflects that, prior to his latest § 922(g) offense, he was convicted of four different crimes punishable by a term of imprisonment exceeding one year. Doc. # 15-1 at 10–13. On all four convictions he was sentenced to more than one year of imprisonment. *Id.* Most people convicted of a felony know that they are felons. *See United States v. Miller*, 954 F.3d 551, 559 (2d Cir. 2020). And someone who has been convicted of felonies repeatedly is especially likely to know he is a felon. *United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020). One of the prior felony offenses McCullough was convicted of was for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Doc. # 15-1 at 12. The fact that he had previously been convicted of being a felon in possession of a firearm is strong evidence he knew he was a felon. *See*

18

*Innocent*, 977 F.3d at 1083; *United States v. Hicks*, 958 F.3d 399, 402 (5th Cir. 2020). McCullough did not object to the allegations of fact about his prior felony convictions at his change of plea hearing or at sentencing either. *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) (a failure to object to allegations in a PSI admits those facts for sentencing purposes).

Because the record before the Court establishes McCullough knew he was a felon and McCullough shows no reasonable probability that he would have insisted on going to trial rather than entering a guilty plea had he been specifically advised that the Government was required to prove he knew of his status as a convicted felon, he is entitled to no relief on his *Rehaif*-based claims.

### III.   CONCLUSION

Accordingly, for the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by McCullough be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before January 19, 2021.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 5th day of January , 2021.

    /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE